UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EZEQUIEL FLORES-MARTINEZ,

Petitioner,

v.

TODD BLANCHE et al,

Respondents.

CASE NO. 2:26-cv-01095-TL

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on Petitioner Ezequiel Flores-Martinez's Petition for Writ of Habeas Corpus. Dkt. No. 4. Respondents are Todd Blanche, Acting United States Attorney General; MarkWayne Mullin, Secretary, United States Department of Homeland Security ("DHS"); and Bruce Scott, Warden, Northwest ICE Processing Center ("NWIPC"). Having read Petitioner's petition, Respondents'[1] response (Dkt. No. 7), and the relevant record, and having not received a reply from Petitioner, the Court DENIES the petition.

---

[1] As used in this order, the term "Respondents" includes all Respondents except Respondent Scott. Respondent Scott has not responded to the habeas petition and has not appeared in this case.

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS – 1

## I.    BACKGROUND

Petitioner is a native of Mexico and was legally admitted into the United States on November 25, 2014, on an H2A Visa. Dkt. No. 8-1 (DHS Form I-213) at 4. This visa allowed Petitioner to work in the United States as a Temporary Agriculture Worker. Dkt. No. 9 (Benjamin Decl.) ¶ 4. Petitioner's H2A Visa was valid until July 25, 2015. Dkt. No. 8-1 at 4. Petitioner has remained in the United States since the expiration of his visa. *Id*. at 4. Between 2023 and 2025, Petitioner was convicted of Trespass, Theft 3rd Degree, Reckless Driving, Defecating in Public, and Making False Statements to a Public Servant. *Id*. at 4–5. Through contact with Petitioner, DHS believes Petitioner "appears to have a mental illness, possibl[y] from prolonged narcotic use" and that he is homeless.[2] *Id*. at 5.

On August 22, 2025, DHS issued an administrative warrant signed and authorized by Supervisory Deportation and Detention Officer ("SDDO") E. McCully. Dkt. No. 8-2 (administrative warrant) at 2. On August 25, 2025, immigration officers arrested Petitioner as he was walking outside in Yakima, Washington. Dkt. No. 8-1 at 3–4. Petitioner was transported to the Yakima, Washington, Immigration and Customs Enforcement ("ICE")/Enforcement and Removal Operations ("ERO") Office and transported to the NWIPC that same day. *Id*. at 4; *see also* Dkt. No. 9 ¶ 14. Petitioner was shown his notice of custody determination form and was detained pursuant to Section 236 of the Immigration Nationality Act ("INA"), 8 U.S.C. § 1226(a). Dkt. No. 8-2 at 3 (Notice of Custody Determination).

Petitioner was given a bond hearing in immigration custody on February 26, 2026, where he appeared pro se. Dkt. No. 8-3 (Bond Order of the Immigration Judge) at 2. The immigration judge ("IJ") denied Petitioner's release, finding that he was a danger to the community and a

---

[2] Petitioner was found competent by an immigration judge at a master hearing on February 2, 2026. Dkt. No. 9 ¶ 18.

flight risk. *Id*. Petitioner waived his bond appeal. *Id*. at 3. On March 17, 2026, Petitioner appeared pro se for a merits hearing, where the IJ ordered his removal to Mexico. Dkt. No. 8-4 at 2 (Removal Order of the Immigration Judge); *see also* Dkt. No. 9 ¶ 16. Petitioner reserved his appeal, and the appeal was due April 16, 2026. Dkt. No. 8-4 at 4. There is no information before the Court that Petitioner filed an appeal, as Petitioner has not presented such evidence and Respondents assert that, at the time of the filing of their brief—April 15, 2026—Petitioner had not appealed his removal order. Dkt. No. 7 at 2. On April 20, 2026, Respondents filed a Notice of Intent to Remove Petitioner to Mexico on April 30, 2026, indicating Petitioner's removal is final. Dkt. No. 10. As a noncitizen with a final order of removal, Petitioner is now detained under 8 U.S.C. § 1231(a)(2). The briefing window has passed, and the matter is ripe for the Court's review.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by a preponderance of the evidence that they are entitled to relief, *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004)—that is, that they are "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c).

## III.    DISCUSSION

Petitioner makes several claims to support his habeas petition, including: (1) his arrest was unlawful and violated his due process rights because he was arrested "without a signed warrant by a federal judge"; (2) his detention is in violation of his liberty interest; and (3) his detention is unlawful because it has become indefinite. Dkt. No. 4 at 3–4. Petitioner also alleges without explanation that his First, Eighth, Thirteenth, and Fourteenth amendment rights have been violated. *Id*. at 4.

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS – 3

**A.      Petitioner's Detention Is Mandatory and Any *Zadvydas* Challenge is Premature**

Because it appears Petitioner now has a final order of removal, any claim of "indefinite detention" would be governed by the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678. However, any claim under *Zadvydas* is premature.

Under 8 U.S.C. § 1231(a)(1), "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). Detention of a noncitizen during the removal period is mandatory. *Id.* § 1231(a)(2)(A). After the removal period ends, ICE may continue to detain certain categories of noncitizens under Section 1231(a)(6) for "a period reasonably necessary to bring about [those noncitizens'] removal from the United States." *Id.* § 1231(a)(6).  In *Zadvydas v. Davis*, the Supreme Court held that Section 1231(a)(6) does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal, 533 U.S. at 699, instead construing the INA to contain an "implicit 'reasonable time' limitation" on detention, *id.* at 682. Ultimately, the Supreme Court determined that it is "presumptively reasonable" for DHS to detain a noncitizen for six months following entry of a final removal order while it works to remove the individual from the United States. *Id.* at 701. However, "[a]fter this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If the Government fails to rebut the noncitizen's showing, the noncitizen is entitled to habeas relief. *Id*.

On the record before the Court, it appears that Petitioner's removal order became final on April 16, 2026, when his deadline for appealing the IJ's removal order passed without Petitioner having filed an appeal. Petitioner is therefore still within the mandatory detention period. At this point, his detention is governed by Section 1231(a)(2)(A), not Section 1231(a)(6), and he is not

entitled to relief under *Zadvydas*. *See Fernandez v. Scott*, No. C26-43, 2026 WL 607761, at *3 (W.D. Wash. Mar. 4, 2026). Mandatory detention of a noncitizen during the removal period "passes constitutional scrutiny" and does not provide the Court with a basis for finding that Petitioner's detention is unlawful. *Khotesouvan v. Morones*, 386 F.3d 1299, 1300–1301 (9th Cir. 2004)).

**B.      Petitioner's Remaining Claims**

"'To the extent Petitioner challenges his pre-final removal order detention, such a claim is moot' because the basis for his detention changed when the order of removal became final." *Borroto v. Scott*, No. C26-409, 2026 WL 709775, at *2 (W.D. Wash. Mar. 13, 2026) (quoting *Zakarneh v. United States Immigr. & Customs Enf't*, C25-707, 2026 WL 73825, at *4 (W.D. Wash. Jan. 9, 2026)); *accord Fernandez*, 2026 WL 607761, at *3; *see also, e.g.*, *Inamzhon v. Warden of Golden State Annex*, No. C25-1059, 2025 WL 3080525, at *2–3 (E.D. Cal. Nov. 3, 2025) (finding claims moot when the basis for detention changed); *Alier D. v. Sec'y of Dep't of Homeland Sec.*, Case No. C18-1645, 2018 WL 5847244, at *2 (D. Minn. Nov. 8, 2018) ("The shift of the government's authority to detain the petitioner from § 1226 to § 1231 renders moot his claim based on pre-removal detention.").

Although Petitioner does not identify the statutory basis for his detention at the time of his petition, it appears to have been 8 U.S.C. 1226(a). *See Lainez Buesco v. Immigr. & Customs Enf't. Field Office Dir.*, No. C25-1748, 2026 WL 1133344, at *3 (W.D. Wash. April 27, 2026) (finding that noncitizen who was arrested and charged with removability under 8 U.S.C. § 1227(a)(1)(B) for overstaying visa was detained under 8 U.S.C. § 1226(a) "because he is a noncitizen awaiting a final decision on whether he should be removed."). But that basis changed when the IJ's removal order became final. As Petitioner's detention now flows from that final order, and is mandatory under Section 1231(a)(2), the Court need not consider whether the arrest

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS – 5

that began his detention under Section 1226(a) was unlawful or whether detention under that provision became unreasonably prolonged at any point. The question presented by a habeas petition is whether Petitioner *is* in custody in violation of the Constitution or laws or treaties of the United States, and the Court has found that he is not.

## IV.   CONCLUSION

Accordingly, the Court DENIES the petition. If Petitioner is not removed within the 90-day removal period, and if continued detention under 8 U.S.C. § 1231(a)(6) becomes unreasonably prolonged and indefinite, Petitioner may file another habeas petition at that time. Now, however, his detention is lawful and he is not entitled to habeas relief.

Dated this 29th day of April, 2026.

Tana Lin
United States District Judge

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS – 6